## Bassler *against* The Union Canal Company.

Jurisdiction to inquire into and assess damages done to the owner of lands, through which the Union Canal passes, is not confined to the quarter sessions or mayor's court of Philadelphia.

CERTIORARI to the quarter sessions of *Lebanon* county.

Adam Bassler applied, by petition, to the quarter sessions of Lebanon county, for a *venire* to the sheriff of Lancaster county to summon a jury to assess the amount of damage done to his land by the construction of the Union Canal.  The court ordered the *venire*, and the inquisition was returned, and the court set it aside, on the ground of the want of jurisdiction, being of opinion that the act of incorpotion of 1811, *sec.* 13, confined the jurisdiction to the quarter sessions and mayor's court of Philadelphia.

*Buchanan*, for applicant.
*Weidman* and *Hopkins;* contra.

The opinion of the Court was delivered by

GIBSON, C. J.—By the consolidation of the original corporations, the defendant became the proprietor of an extensive chain of works, extending from the city of Philadelphia, through the counties of Philadelphia, Montgomery, Berks, Lebanon, and Dauphin, to Middletown, on the Susquehannah river.   The assessment of damages for injuries sustained on any part of this extensive line, is given, in general terms, to "the courts of quarter sessions, or the mayor's court in the city of Philadelphia;" and from this it is inferred that a complaint cannot be entertained by the quarter sessions of any county through which the canal passes, but that of Philadelphia.   Before, however, a complainant is compelled to travel from Middletown to Philadelphia, in quest of justice, it ought clearly to appear that such was the legislative meaning.  The strength of the argument, on the part of the company, is, that jurisdiction is not given, in words, to the quarter sessions of the respective counties.   But it is given to

the " courts ;" and how can the word, used as it is in the plural, be satisfied in any other sense ? By construing it, say the counsel, to signify the terms of the court, as it is used in common parlance, and then it will appear to have been used to give concurrent jurisdiction to the quarter sessions of Philadelphia, and the mayor's court. But if no more than the terms or periods of a single court were meant, why not have also have said the mayor's courts, as well as the quarter sessions courts ? In truth, the word *courts* is used as synonymous with the terms or sessions of a court, only when it is used in relation to the periods or times of holding the court, and to have used it so here would have been absurd, as the legislature would not have anticipated the existence of any thing so unlikely as a question whether an application at Philadelphia should be made at a particular term or indifferently at any one of the terms. But the provision which requires the jury to be taken from an adjoining county, shows pretty satisfactorily what was meant. That provision was intended to secure impartiality by excluding from the panel the neighbours of the complainant. But what reason could there be to suspect the impartiality of a jury of Philadelphia in the case of a complaint by an inhabitant of Lebanon or Dauphin, and why require the jury to be taken from Delaware or Chester ? It may be said the word *adjoining* has relation to the county in which the injury was suffered, and not that in which it is to be redressed. It is decisive that the law does not say so ; nor can it be inferred from the antecedent to which the word refers. The meaning is clearly that the jury shall be taken from a county adjoining the one in which the court having jurisdiction is situate. In every aspect, then, the order of the quarter sessions is erroneous ; and the·inquisition is remitted to that court for confirmation.